UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA CASE NO.: 6:16-cr-47-Orl-31GJK

v.

MATTHEW MIKA,
___________________________________/

**SENTENCING MEMORANDUM**
**AND MOTION FOR DOWNWARD DEPARTURE OR ADJUSTMENT**
**TO THE ADVISORY GUIDELINES AND MOTION TO MITIGATE SENTENCE**

The Defendant, Mr. MATTHEW MITKA, hereby files this his Sentencing Memorandum, and Motions regarding his sentencing, in which he ultimately asks this Court to exercise the Court's discretion pursuant to ***United States v. Booker*** and ***United States v. Fan Fan***, 125 S. Ct. 738 (2005) and impose a reasonable sentence on him. The Defendant is facing an 21-27 -month sentence (paragraph 66 of the PSR). Should the Government file a Motion for Downward Departure and if the Court grants said Motion, the Court will have the ability to apply a variance pursuant to ***Booker*** and ***Fan Fan.*** The Defendant requests this Court to adjust his sentence by departing downwardly from the advisory guideline range or exercise a downward variance in departing from the guideline sentence - based upon, but not limited to - the mitigating factors presented in this memorandum/motion and recommendations of Probation Office. In that event, the Defendant requests a reasonable sentence of not more than 48 months of probation.

## I. FACTUAL AND PROCEDURAL BACKGROUND:

Please refer to Part A of the PSR. The Defendant has no disagreement with the PSR.

## II. *UNITED STATES v. BOOKER* and 18 U.S.C. § 3553(a)

The Decision of the United States Supreme Court in ***Booker*** has rendered the United States Sentencing Guidelines "effectively advisory" 125 S. Ct. 759-67. ***Booker*** held that the Federal Sentencing Guidelines are unconstitutional as law because of their mandatory nature in letting Judges, not juries, determine facts that enhanced the sentence of a defendant. The Supreme Court ruled this conflicted with a defendant's right to a jury, pursuant to the Sixth Amendment of the Constitution. As a result, the Federal Sentencing Guidelines are now "advisory" and not "mandatory".

The effect of ***Booker*** is that federal district courts must consider the seven factors set forth by § 3553 (a) in determining a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

> (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (b) to afford adequate deterrence to criminal conduct;
>
> (c) to protect the public from further crimes of the defendant; and
>
> (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3) the kinds of sentences available;

(4) [the applicable Sentencing Guidelines];

(5) any pertinent [Sentencing Guidelines] policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victim of the offense.

*See* 18 U.S.C. § 3553(a). Each of these factors will be discussed in turn below.

Section 3553(a) embodies the "parsimony principle," which requires a district court to "assign a sentence" sufficient, but not greater than necessary, to comply with the "purpose of sentencing" set forth in § 3553(a)(2). ***United States v. Lacy***, 99 F.Supp. 369, 378 (E.D.N.Y. 1994) ("parsimony" is a "key provision" of § 3553(a), *vacated on the grounds*, ***United States v. DeRiggi***, 45 F.3d 713 (2d Cir. 1995); *see also generally* ABA STANDARDS OF CRIMINAL JUSTICE § 18- 2.4 (sentences "imposed, taking into account the gravity of the offense, should be no more than necessary to achieve the social purposes for which they are authorized"). Sentencing under § 3553 (a) therefore requires the Court to start with the minimum sentence permissible and add only so much additional punishment, if any, as necessary to comply with § 3553(a)'s purposes. As discussed below, application of the § 3553(a) factors to the facts of this case establishes that a minimum mandatory sentence is "sufficient . . . to comply with the purpose" of § 3553. See also *Kimbrough v. United States*, 552 U.S. 85, 128. S. Ct. 558, 570 (2007) which states: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) subsection (2) 18 U.S.C. section 3553(a)".

## III. <u>THE APPLICATION OF 18 U.S.C. § 3553(a)</u>

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant that the Court should consider:

1) The Defendant relies on PART C of the Offender Characteristics of the PSR.

### B. The Kinds of Sentences Available and the Sentencing Guidelines and Guideline Policy Statements.

#### 1. The Advisory Guideline Range as Calculated by the PSR

In this Defendant's situation, the United States Sentencing Guidelines suggest imposing an advisory guideline range of (21-2771) based upon a level 16 and criminal history of I.

#### 2. Variance:

If applicable, pursuant to ***Booker***, "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." ***Booker***, 2005 WL 50108, at *27. See also *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005), which states the guidelines cannot be presumed to be reasonable per se. In fact, the guidelines are to have no more weight than any other section 3553(a) factors. See *United States v. Hunt*, 459 F.3d 1180 (11th Cir. 2006).

Section 3553 states that the sentence must not be longer than necessary; yet here, the suggested guideline in the PSR is unreasonable and longer than necessary to achieve the goals of sentencing.

a. **Factors That May Warrant a Sentence Outside the Advisory Guideline System:**

1) Mr. Mika had a normal childhood.
2) He was raised in a safe and secure environment.
3) Mr. Mika has support in the community.
4) He has no history of violence.
5) Mr. Mika has a criminal history category I. His prior convictions were for misdemeanor and/or traffic type offense.
6) He has some history of substance abuse.
7) Mr. Mika has a good employment history.
8) Mr. Mika is primary are taker of his children and their mother is a drug addict.
9) Mr. Mika has proffered honestly and cooperated with government.
10) The factors and justification that is set forth in the Sentencing Recommendations filed by the Office of United States Probation.

## IV. CONCLUSION:

In conclusion, the suggested sentence is too high for the ends of justice to be accomplished. A total sentence of 48 months of probation therefore more than sufficient to achieve the ends of justice in this case

WHEREFORE, the Defendant, by counsel, respectfully requests that this Motion be granted.

/s/ H. Kyle Fletcher
Fletcher Law Firm, P.A.
H. Kyle Fletcher, Esq. FBN: 930628
3743 Savannah Loop
Oviedo, FL 32765
(407) 971-4727
(407) 971-4797 Facsimile
hkylefletcher@bellsouth.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2017 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties in this matter, including to the Office of the United States Attorney.

/s/ H. Kyle Fletcher